The Chief Justice now recapitulated the material points, and delivered the opinion of the court as follows :
 

 McKean, Chief Justice.
 

 This cause comes before the court on a case made for their opinion. The case is long, and has stated several particulars which can have but little influence upon the decision.
 

 The material facts are : That a certain Johannes Vandegrift was seised in fee of the premises in question, and being so seised, by his last will and testament in writing, dated the 16th March 1732, devised the same unto his eldest son, Abraham, in fee-tail, with remainder in fee to all his other children. And afterwards, by a deed or instrument in writing, sealed and delivered, bearing date the 31st of August 1743, “ In consideration of natural affection, he gives, grants,
 
 &o.,
 
 fully, freely, absolutely and clearly, the same premises, to his son Abraham Vandegrift, together with all the rights, titles, interest, claim and demand whatever, which he then had in the said granted premises, or any part thereof : to have and to hold unto him only, the said Abraham Vandegrift, without any further condition, as he had fully, freely and absolutely, and of his own accord, set and put in further testimony, &c.”
 

 If this conveyance passed a fee to the son Abraham Vandegrift, then judgment must be for the defendant; but if an estate for life only, then judgment must be for the lessors of the plaintiff : for, suppose the will of Johannes Vandegrift, which was executed prior to the conveyance, is taken into the case, yet the son, Abraham, had thereby only ah estate-tail, which is spent by his death, without heirs of his body lawfully begotten.
 

 When this case was first argued, the counsel on both sides considered it only in two points of view, to wit,
 
 First,
 
 Whether the conveyance from Johannes Vandegrift to his son Abraham was to be construed as an original conveyance at common law, or as a covenant to stand seised to uses ? And,
 
 secondly,
 
 What was the intention of the parties, as to the estate which was to pass ?
 

 Mr.
 
 Sergeant
 
 contended, that it was an original conveyance at common law ; and, let the intention of the parties be what it may, it could only pass an estate for life to the son, for want of proper words of inheritance.
 

 Messrs.
 
 Wilcoclcs
 
 and
 
 Lewis
 
 insisted, that this deed must be considered a covenant to stand seised to uses, and that it should receive the like con - struction with a will, that is, to be governed by the intention of the parties. In support of their first position, “ that it must be taken to be a covenant to *138] seised to uses,” they cited 2 Wilson 22, 75; Carthew 38; Comberbach 128; s. c. 10 Mod. 35, 36; 1 Atkyns 8; *1 Mod. 175; 2
 
 *143
 
 Levinz 10; 3 Id. 372; 1 Bac. 274. For the second position, they cited Carthew 843; 1 Co. 100
 
 b,
 
 101
 
 a;
 
 Littleton’s Rep. 347; 5 Mod. 266. And they concluded, that if this instrument had been a will, it would appear manifestly to be the intention of the parties to pass a fee; for which they cited 6 Mod. 109, 110; Cro. Car. 450; 1 Ld. Raym. 187; 2 Willes 524.
 

 Mr.
 
 Sergeant,
 
 in his reply, said, that the deed of 1743 must operate as a foeffment, and relied upon the following authorities. Co. Lit. 6
 
 a;
 
 1 Vol. Pennsylvania Laws, p. 78; Prec. in Chan. 580; Lilly’s Conveyancer, 613, 614, 646; 2 Inst. 672.
 

 Upon hearing this argument, and reading the books that had been cited on both sides, and full consideration of them, it appeared to me, that this deed, or instrument, ought to be taken as a covenant to stand seised to uses, and that the law has been long settled, that a deed shall be construed either as a common-law conveyance, or a statute conveyance, if it can be taken both ways, as will best tend to give it all the effect the parties intended. This deed then has every requisite necessary to constitute a deed of covenant to stand seised to uses. 1st. Here is a sufficient and proper
 
 consideration,
 
 viz., natural affection. A consideration may be either a good, or a valuable one. A
 
 good
 
 consideration is that of blood, or natural affection, or love ; as when a man grants an estate to a near relation, as in this case, to his eldest son. Blood or marriage are the most common and suitable considerations in this species of conveyance. The
 
 valuable
 
 consideration is such as money, marriage, or any other equivalent given for the grant. 2 Bl. Com. 297, 336. 2d. It is a deed. 3d. Johannes Vandegrift was seised in fee. 4th. Here are apt words to convey lands ; and the word grant, which is in the deed, has been adjudged in the case of
 
 Wilkinson's lessee
 
 v. Farmer, &c. (2 Wilson 75; 1 Mod. 175), sufficient, of itself, to create a covenant, and to raise an use.. These are all the circumstances necessary to make a good deed of covenant to stand seised to uses.
 

 As to the other point: How this conveyance was to be construed, whether as a deed at common law, or like a will, according to the intent of the parties ? I was, at first, of opinion, from the general doctrine laid down in all the books cited at the bar, that the intention of the parties was to govern, in the same manner as in a will; and of that intention I had no doubt; for by the words used in the premises, if unrestrained by the
 
 habendum,
 
 it appeared manifestly, that Johannes Vandegrift had given all his right, title, interest, claim and demand whatsoever, which he had in the land, unto his son Abraham, freely, absolutely and clearly, &c., which words in a will would unquestionably pass a fee.. But having, afterwards, met with two cases in 4 Burn’s Ecclesiastical Law, p. 110 and 118, I hesitated. A second argument was, therefore, had on the 18th of December last, when the question that alone admitted of controversy, to wit, how far this deed of covenant to stand seised to uses, should be construed like a will, was fully considered by Mr.
 
 Bradford.
 
 He contended, that it required such
 
 technical words,
 
 as are * used and necessary in deeds at common law to L pass an inheritance, that in all deeds, the word heirs is necessary to pass a fee; this is the general rule, and though there are exceptions, yet this species of conveyance to uses is not among them ; which appears,1st, from the silence of approved writers on this subject; to show which he cited, 2 Black. Com. 108; Bac. Abr. 252; 3 Comyn’s Digest 214; Shepherd’s Touch
 
 *144
 
 stone of Assurances, fo. 101 (97 of new edition); Co. Lit. 9. 2d. From a variety of express and positive authorities. 3 Black. Com. 370; 1 Co. 87
 
 b;
 
 Co. Lit. 10 a; Shepherd’s Touchst. 102, 106; 1 Comyn’s Digest 543; 1 Co. Rep. 100 b; Gilbert’s Uses and Trusts 75, 76. And 3d, that words, essential to convey a fee in a deed at common law, are necessary since the statute of uses, 27
 
 Sen. VIII, c.
 
 10, in a covenant to stand seised to uses. To prove which he cited 5 Bacon 357; 1 Rol. Abr. 837; Cro. Eliz. 478; 2 Lill. Reg. 112; Sir Thomas Raym. 317; 2 Ld. Raym. 1151, 2, 4, &c.
 

 We have since heard the counsel for the defendant, in answer, who chiefly dwelt upon the deed of 1743 having a relation to the estate which the covenantor had, that he having ■ a fee, had by relative words conveyed that fee to his son ; and they relied upon 2 Comyns 215; Shep. Touchst. 101
 
 ;
 
 Co. Lit. 9
 
 b.
 

 Upon the whole, The Court have, unanimously, formed the same opinion as the plaintiff’s counsel, after the most mature consideration.
 

 1. This deed is a covenant to stand seised to uses.
 

 2. Before the statute of uses, viz., 27
 
 Sen. VIII, c.
 
 10, this deed would have passed a fee, 1 Co. 100
 
 b, Shelley's case,
 
 though the word
 
 heirs
 
 is not in it. But si .ice that statute, the limitation of uses is, in many cases, governed by the rules of common law ; and no inheritance, in a covenant to stand seised to uses, or other deed to uses, can be raised, or new estate created, without the word
 
 heirs ;
 
 because the uses are now transfei-red into possession, and therefore, must be governed by the rules of possession at common law. 5 Bacon’s Abr. 350, 356, and the cases there cited. And at common law, though the intent of the parties be ever so fully expressed and manifested in a grant or other deed, without the word
 
 heirs,
 
 a fee shallnot pass. 6 Mod. 109; 2 Vesey 252; 1 Wilson 351; 2 W. Black.
 

 3. There are no words in this deed, either technical or relative, that can raise a fee, and consequently, Abraham Yandegrift had thereby only an estate for life in the premises.
 

 Let judgment be entered for the plaintiff.